McGEE et al. v. SAN FRANCISCO AND NORTH PACIFIC RAILWAY COMPANY.

S. F. No. 231; February 25, 1896.

43 Pac. 1106.

Appeal.—A Verdict Based on Conflicting Evidence will not be disturbed.

APPEAL from Superior Court, City and County of San Francisco; W. R. Daingerfield, Judge.

Action by Charles McGee and others, by their guardian, James W. Collins, and another against the San Francisco and North Pacific Railway Company, a corporation. There was a judgment for plaintiffs and defendant appeals. Affirmed.

Sidney V. Smith for appellant; Shadburne & Herrin for respondents.

PER CURIAM.—This is an action for damages for personal injuries. The defendant appeals from the judgment and order denying its motion for a new trial, and by the record the sole question presents itself, Was the evidence sufficient to support the verdict of the jury? The action is brought by the guardian of certain minor children. The father of these minors was a passenger upon a train belonging to defendant, and, it is claimed by defendant, acted in a disorderly and boisterous manner while traveling upon said train. Defendant's servant, a brakeman, attempted to quiet this passenger, and, it is now claimed, used unnecessary force and violence in so doing. As a result of the difficulty arising at that time, the passenger received injuries from which he died within a few days. There were many eye-witnesses at the scene of trouble, who testified at the trial as to all the cir-

cumstances, showing the cause and manner of the passenger's injury. Counsel for appellant, by his brief, admits that such testimony was hopelessly contradictory, but insists that the evidence of certain physicians who professionally waited upon the deceased after the injury was received and prior to his death, and who also conducted the autopsy upon the body, plainly shows that the deceased could not have been injured as testified to by the witnesses introduced at the trial upon the part of the plaintiffs. While the evidence of the physicians may be strong in support of defendant's theory as to the manner in which the injury was received, still we cannot hold it conclusive, for there was direct and positive evidence from the lips of eye-witnesses to the contrary. Thus a substantial and material conflict upon the evidence was created, and this material and substantial conflict was a matter which it was peculiarly and essentially within the province of the jury to solve and determine. For the foregoing reasons the judgment and order are affirmed.